# THE STATE v. WRIGHT.

[No. 19,711. Filed November 7, 1902.]

TRADE-MARKS.—*Infringement.*—*Indictment.*—An indictment for the violation of §8680b Burns 1901, prohibiting infringement of trade marks on certain bottled beverages, which fails to charge that defendant filled or caused to be filled any bottle or siphon with a liquid mentioned in the statute, is insufficient. *pp. 394, 395.*

CONSTITUTIONAL LAW.—*Review.*—Where an appeal is taken under §1337h Burns 1901, for the purpose of testing the constitutionality of a criminal statute, the validity of the statute will not be passed upon if the indictment is insufficient. *p. 395.*

From Marion Criminal Court; *Fremont Alford*, Judge.

Frank M. Wright was indicted for infringement of trade-marks. From a judgment quashing the indictment and discharging defendant, the State appeals. *Appeal dismissed.*

*W. L. Taylor*, Attorney-General, *J. C. Ruckelshaus, J. B. Kealing, M. M. Hugg, W. W. Woollen* and *Evans Woollen*, for State.

MONKS, J.—An indictment was returned by the grand jury in the court below under §5 of the act of 1897 (Acts 1897, p. 316, §8680b Burns 1901). On motion of appellee the same was quashed and judgment rendered discharging appellee from custody.

The State claims that the court below sustained said motion to quash for the reason that the act of which said section forms a part was unconstitutional and void.

This appeal was taken under §8 of the act of 1901 (Acts 1901, p. 566, §1337h Burns 1901), for the purpose of presenting the question of the constitutionality of said act of 1897, *supra.*

The indictment charged that appellee "did then and there unlawfully have in his possession for the purpose of filling and did fill with her own bottle the property of the," etc. It is not charged in the indictment that appellee filled or caused to be filled any bottle or siphon with any liquid

mentioned in said act, and for this reason the indictment was clearly bad, and the motion to quash properly sustained. It follows, therefore, that, conceding the constitutionality of said act, the action of the court in sustaining the motion to quash was not erroneous, but correct. It is manifest, therefore, that the constitutionality of said act is not presented by this appeal within the meaning of said §8, *supra*. *Standish* v. *Bridgewater, ante,* 386.

Appeal dismissed.